GALLOWAY, Plaintiff, v. COLUMBUS-BROAD CORPORATION, d. b. a. BROAD-LINCOLN HOTEL, Defendant.

Common Pleas Court, Franklin County.

No. 190207.   Decided October 11, 1954.

Samuel L. Zuravsky, Columbus, for plaintiff.
Hamilton & Kramer, Columbus, for defendant.

## OPINION

By BARTLETT, J.

1. Motion of the defendant for judgment in his favor upon the pleadings sustained.

2. If the allegations of plaintiff's petition suggest a reasonable inference that the plaintiff himself was negligent or at fault, it then becomes necessary for him in his pleading to negative such inference; otherwise not.

3. In a negligence action, the petition may aver such ultimate facts as to establish, as a matter of law, the contributory negligence of the plaintiff.

4. Where petition of plaintiff averred that he entered the restaurant and bar room of a hotel; that "the room was in a darkened condition," that he then entered another doorway where there were three or more steps leading down into said restaurant and bar, and there were "no lights upon the stairway"; that he did not see the steps, and that he fell down the steps, causing him to sustain personal injuries, to his damage in the sum of $5000.00; that the negligence of the defendant was the direct and proximate cause of plaintiff's personal injuries, in defendant's "failing to keep said stairway or approach lighted," and "in maintaining said stairway or the approach to said stairway in a darkened condition." There was no averment in the petition that plaintiff's injury was caused without the fault or negligence of himself.

Held, the facts stated in the petition suggest a reasonable inference that the plaintiff himself was negligent or at fault, by proceeding in the room "in a darkened condition; and in the absence of an averment negativing such inference, such facts establish, as a matter of law, the contributory negligence of the plaintiff, and require the Court to sustain a motion for judgment on the pleadings in favor of the defendant."

This is an action for negligence. The defendant filed its answer to the petition of the plaintiff, and thereafter filed its motion for judgment in its favor on the pleading. The essential allegations of the petition necessary to a decision on such motion, are set forth in Syllabus 4 above stated.

"It is the duty of an individual to exercise ordinary, reasonable, or due care for his own protection and safety. Ordinary care is that degree of care which an ordinarily reasonable and prudent person would exercise, or is accustomed to exercise, under the same or similar circumstances. The standard of ordinary care is, in law an unvarying one, but manifestly, what action or inaction will amount to ordinary care depends on the facts and circumstances of each particular case." **29 O. Jur. Negligence, Sec. 94, p. 543.**

"In general, a plaintiff cannot be excused from using due care for his own safety by showing that he relied upon a stranger to do it for him." Ibid, Sec. 95, p. 547;

"He must not voluntarily expose himself to sudden peril." Ibid, Sec. 99, p. 555;

"The rule is,—that one who exposes himself to an obvious and appreciated danger, even though he should not appreciate the full extent of the danger, assumes the risk of injuries that may result to him therefrom. * * * One who voluntarily assumes a risk thereby waives the provisions of a statute made for his protection." Ibid, Sec. 91, p. 536;

538

"It is one of the fundamental rules of the common law that there can be no recovery for injuries, where it appears that person injured was guilty of contributory negligence, or in other words, where the injury was the result of the united, mutual, concurring, combined, and contemporaneous negligence of the parties to the transaction." Ibid, Sec. 83, p. 501.

"If the allegations of his pleading (plaintiff's petition) suggest a reasonable inference that the plaintiff himself was negligent or at fault, it then becomes necessary for him in his pleading to negative such inference; otherwise not." **Myers v. N. and W. Ry. Co., 122 Oh St 557, 558,** Per Curiam opinion; Street R. R. Co. v. Nolthenus.

"1. In a negligence action, the petition may aver such ultimate facts as to establish, as a matter of law, the contributory negligence of the plaintiff." **Jacques, Admx., v. Dayton Power and Light Co., 80 Oh Ap 258** (2nd Appellate District);

"Where a night watchman in checking a plant at night took a number of steps in total darkness, though carrying a flashlight, and fell into an unguarded pit left by defendant, an independent contractor, who had been moving heavy equipment in the plant for several weeks, such action constituted contributory negligence as a matter of law." Burkland v. Darin and Armstrong, No. 23123, Supreme Court.

Motion to certify record filed. Ohio Bar September 13, 1954, p. 683; Plaintiff going up and down stairs in dark, "took many steps in the dark before he missed a tread and fell. He was not lured into the darkness by anything the defendant did." Motion for instructed verdict sustained. **Streeton v. Roehm, et al., 83 Oh Ap 148, 155;** Plaintiff, invitee, from a lighted room, opened a closed door "was confronted with total darkness, * * *." "Stepped in such total darkness beyond the door, to his injury * * * raises an inference of negligence on his part which, in the absence of any evidence tending to refute such inference, will require a directed verdict for the defendant." **Flury v. Central Pub. House, etc., 118 Oh St 154;** same directed verdict upheld where plaintiff tenant in building, stepped in a "semi-dark elevator shaft." **Johnson v. Citizens Natl. Bank, etc., 152 Oh St 477.**

The Court, therefore, sustains the motion for judgment on the pleadings in favor of the defendant, on the ground that the ultimate facts averred in the petition establish, as a matter of law, the contributory negligence of the plaintiff.

Entry accordingly with exceptions by counsel for plaintiff.